IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CERTAIN UNDERWRITERS AT LLOYD'S
AND THOSE COMPANIES SEVERALLY
SUBSCRIBING TO BOEING POLICY
NUMBER MARCW150053 AND RELATED
POLICIES GOVERNING THE CARGO, and
THE BOEING COMPANY,

              *Plaintiffs,*

v.

SOUTHERN PRIDE TRUCKING, INC.,
THUNDER ROLLS EXPRESS, INC., BAUER
BUILT INC., and ROAD STAR CARRIER, INC.

              *Defendants.*

Case No.: 8:16 Civ. 00616 (JMG)
(CRZ)

       To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect the information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, and to limit the disclosure and dissemination of export-controlled information, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

### PROTECTED INFORMATION SUBJECT TO THIS ORDER

       1.    For purposes of this Order, "PROTECTED INFORMATION" is any information designated, in proper accordance with this Order, as "CONFIDENTIAL" or "EXPORT CONTROLLED." Any PROTECTED INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter.

2.     "CONFIDENTIAL" information shall mean all information or material, and any copies thereof so designated, that is produced for or disclosed to a receiving party, that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential research, development, technical, financial, or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons; and that has been so designated by the producing party, unless a Court declares such information to not properly meet said descriptions.

3.     "EXPORT CONTROLLED" shall mean information that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, *et seq.*, and/or the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120, *et seq.* Such information may be contained in documents that Defendants furnish in this case related to dual use commodities, technology, or software, or defense articles.

## DESIGNATION OF PROTECTED INFORMATION

4.     Any document or tangible thing containing or including any PROTECTED INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" or "EXPORT CONTROLLED" or by identifying it in a written communication as "CONFIDENTIAL" or "EXPORT CONTROLLED."

5.     At the request of any party, the original and all copies of any deposition transcript, in whole or in part, may be designated as "CONFIDENTIAL" *or* "EXPORT CONTROLLED."

    a. At any time during the deposition and at the request of any party, the deposition transcript or a portion thereof shall be marked by the reporter with the appropriate "CONFIDENTIAL" or "EXPORT CONTROLLED" designation. Any portions

2

so designated shall thereafter be treated in accordance with the terms of this Order.

b. Any party may designate a deposition transcript or a portion thereof with the appropriate "CONFIDENTIAL" or "EXPORT CONTROLLED" designation within 14 days after first receiving a formal copy of the same transcript from the deposition service by informing all other parties in writing.

c. All parties shall treat an entire deposition transcript as designated "CONFIDENTIAL" or "EXPORT CONTROLLED" for 14 days after first receiving a copy of said transcript.

6. All PROTECTED INFORMATION not reduced to documentary, tangible or physical form or that cannot be conveniently designated as set forth herein, shall be designated by the producing party by informing the receiving party of the designation in writing.

7. Any documents (including physical objects) made available for initial inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute PROTECTED INFORMATION and shall be subject to this Order. Thereafter, the producing party shall have 30 days to review and designate the appropriate documents as "CONFIDENTIAL" or "EXPORT CONTROLLED."

## PERSONS AUTHORIZED TO RECEIVE PROTECTED INFORMATION

8. Counsel for a receiving party and the parties shall have access to the producing party's PROTECTED INFORMATION. The term "Counsel" shall mean outside or in-house attorneys for the parties working on this litigation, including supporting clerical personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, shorthand reporters, and hired experts or consultants, provided that said experts or consultants

also agree in writing to protect PROTECTED INFORMATION.

## CHALLENGES TO PROTECTED INFORMATION DESIGNATIONS

9.     The parties will use reasonable care when designating documents or information as "CONFIDENTIAL" or "EXPORT CONTROLLED" Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as "CONFIDENTIAL" or "EXPORT CONTROLLED" have been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the "CONFIDENTIAL" or "EXPORT CONTROLLED" designation with respect to any document or information contained therein.

10.     A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "EXPORT CONTROLLED" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated.  The parties shall use their best efforts to resolve disputes promptly and informally.

11.     If an agreement cannot be reached between the parties, the receiving party shall request that the Court cancel or modify a "CONFIDENTIAL" or "EXPORT CONTROLLED" designation.  The producing party shall be given at least 10 days notice prior to any hearing or ruling by the Court.

12.     The receiving parties will treat all information as they are designated by the producing party until the parties reach an agreement or until the Court cancels or modifies the designation.

**LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

13.    PROTECTED INFORMATION shall be held in confidence by each person to whom it is disclosed, shall be used only for the purpose of conducting this litigation, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.

14.    All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated "CONFIDENTIAL" or "EXPORT CONTROLLED" or that contain information so designated, shall be filed under seal. The parties agree to follow the local rules of the Court, including NECivR 7.5, when filing any document under seal in this litigation.

15.    Any person receiving information designated as "EXPORT CONTROLLED" has a responsibility to ensure that Export Controlled Information in their possession, custody or control is not made public.  To prevent public disclosure of Export Controlled Information, the Parties agree to follow the procedure outlined in this paragraph before any document is "exported," as that term is described in 15 C.F.R. § 730.5(c) or 22 C.F.R. § 120.17, or otherwise made public. All Export Controlled Information will be furnished by U.S. Persons as defined by U.S. export control laws and regulations (hereafter "U.S. Persons") directly to counsel.  Counsel hereby certifies that they and their personnel who receive Export Controlled Information are and will be U.S. Persons, that they will store all Export Controlled Information in a manner such that access is restricted only to U.S. Persons, and that no Export Controlled Information will be physically transported outside U.S. territory.  Before furnishing any document (including any Export Controlled Information, any written discovery, and any deposition transcript) to a non-U.S. Person, including by publicly filing the document with the Court, counsel shall determine whether the document bears a label indicating that such document contains Export Controlled

5

Information. If a particular document is determined to contain Export Controlled Information, counsel for the Parties shall take all steps necessary to ensure that the document or information is used and accessed in accordance with the EAR, 15 C.F.R. §§ 730, *et seq.*, and/or ITAR, 22 C.F.R. §§ 120, *et seq.*, and disclosed only to U.S. Persons or as otherwise permitted under U.S. law, including:

    a. Export Controlled Information disclosed in this action will be used only for the purposes of this action.

    b. Counsel or another individuals authorized to received Export Controlled Information will not disclose, export, or transfer, in any manner, Export Controlled Information to any foreign person except as permitted by U.S. law, and will not transport any such document outside of U.S. territory, without prior written approval of the Bureau of Industry and Security, the United States Department of State, or other appropriate U.S. government department or agency except as permitted by U.S. law.

    c. Before disclosing any Export Controlled Information to any person, Counsel shall require such third person to execute a non-disclosure agreement in the form attached hereto.

    d. The Parties will seek to file under seal all documents that contain Export Controlled Information.

## MISCELLANEOUS PROVISIONS

    16.    Any requirement herein may be waived, in whole or in part, but only by a writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

17.    If any third-party moves to compel a party to this action to produce any PROTECTED INFORMATION, such Party shall immediately notify the parties who originally produced and/or designated such PROTECTED INFORMATION that a motion has been made in order to allow the Parties who originally produced and/or designated such PROTECTED INFORMATION the opportunity to oppose the motion.  In addition, if a Party is ordered to produce PROTECTED INFORMATION covered by this Protective Order, notice and, if available, a copy of the order compelling disclosure shall immediately be given the Parties who originally produced and/or designated such PROTECTED INFORMATION.  Nothing in this Agreed Confidentiality and Protective Order shall be construed as requiring the Party who is ordered to produce such PROTECTED INFORMATION to challenge or appeal any order requiring the production of such PROTECTED INFORMATION or to subject himself/herself to any penalty for non-compliance with any legal process or seek any relief from the Court.

18.    Within 60 days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted between two parties in this action, each party shall, at its option, either return to the producing party or destroy all physical objects and documents which embody PROTECTED INFORMATION, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to PROTECTED INFORMATION; provided that all PROTECTED INFORMATION, not embodied in physical objects and documents, shall remain subject to this Order. Notwithstanding the foregoing, Counsel shall be entitled to maintain all pleadings, motions, and trial briefs (including all supporting and opposing papers thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts,

and exhibits offered or introduced into evidence at trial.

19.     This Order is entered without prejudice to the right of any party to apply to this Court at any time for additional protection or to relax or rescind the restrictions of this Order when convenience or necessity requires.

With the consent of the parties,

IT IS ORDERED:

August 5, 2016.                          BY THE COURT:

                                         Cheryl R. Zwart
                                         United States Magistrate Judge

**ATTACHMENT A**

### Confidentiality Agreement

I, _____, state:

1. I reside at _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have read the Stipulated Protective Order dated _____, and have been engaged as a _____ on behalf of _____ in the preparation and conduct of litigation between Plaintiffs Certain Underwriters at Lloyd's and Those Companies Severally Subscribing to Boeing Policy Number MARCW150053 and Related Polices Governing the Cargo, et al., and Defendants Southern Pride Trucking, Inc., et al.

5. I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies designated as "CONFIDENTIAL" or "Export Controlled" or containing PROTECTED INFORMATION in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing PROTECTED INFORMATION are to be returned to counsel who provided me with such material.

6. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

7. I hereby consent to personal jurisdiction and venue in the United States District Court for

the District of Nebraska for the purposes of enforcing said Order.

8.   I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 200__.


_____