IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER MARCW150053 AND RELATED POLICIES GOVERNING THE CARGO, AND THE BOEING COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHERN PRIDE TRUCKING, INC., THUNDER ROLLS EXPRESS, INC., BAUER BUILT, INC., AND ROAD STAR CARRIER, INC.,<br><br>Defendants. | 8:16CV116<br><br>ORDER |

The court has reviewed the parties' submissions of their discovery issues and makes the following comments and related orders:

### Bauer Built v. Thunder Rolls Express, Inc.

The chart completed by Bauer Built and Thunder Rolls reflects these parties' disputes are ripe for the court's consideration. The issues are finite and can be discussed without meeting in-person.

### Boeing v. Bauer Built

1)   As to the claims by Boeing against Bauer Built, the parties have not submitted a jointly signed chart of their discovery disputes. By completing the form together, neither party is agreeing to the other's position. The parties are simply making it easier for the court to compare the parties' positions without scrolling through reams of briefing. As to counsel for Boeing and Bauer, the inability to agree on the mere outline

of their respective positions suggests a lack of good faith effort toward resolving their discovery disputes, which violates counsel's responsibilities under Rule 1 of the Federal Rules of Civil Procedure.

2) As to Boeing #4,[1] the parties cannot agree on when the request was made or if it is now resolved. Bauer Built states it will list any documents withheld on a privilege log. The court does not know if that log has been served, if the parties have discussed the log, and if this dispute is resolved.

3) As to Boeing #5[2] and #6,[3] the parties cannot agree on when the requests were made. Bauer Built states it "is in the process of searching its records for any responsive documents. We hope to have a response to plaintiffs' request by November 4, 2016." The court does not know if that occurred, and if # 5 and #6 are now resolved.

### Bauer Built & Road Star v. Certain Underwriters & The Boeing Company

As to Bauer Built's and RoadStar's issues #2 ("Plaintiffs' have improperly withheld documents based on relevancy objections"), and #3 ("Plaintiffs' have failed to provide a privilege log of withheld documents"), Certain Underwriters and Boeing state they will provide a privilege log. Defendants reserve these issues "pending receipt and review of plaintiffs' privilege log," and Plaintiffs state "[t]his log will be submitted before the Court Conference."

---

[1] "Communications between Bauer Built and its insurance company concerning the cargo or the incident (Request #13)."

[2] "Bauer Built has failed to produce documents pertaining to the weight of the service vehicle at issue for Federal certification purposes (Request #1)."

[3] "Documents concerning interactions with any state authorities regarding the decision by Bauer Built not to require its drivers of the vehicle at issue to obtain commercial driver's licenses (Request #1)."

As to issues #2 and #3, until the log is submitted and the parties discuss it and determine if a dispute exists, there is nothing for the court to resolve.

## Conclusion

To promote the efficient and economical litigation of this case, the hearing between Bauer Built and Thunder Rolls will be held by webinar rather than in chambers. To assist in reading the parties' submission during that hearing, the court has re-formatted their chart (see attached).

The discovery disputes by Bauer Built & Road Star against Certain Underwriters and Boeing, and by Boeing against Bauer Built are not currently ripe for court intervention and resolution. And the court is not inclined to convene serial hearings on discovery disputes, particularly where the parties have not fully explored and jointly identified what is actually in dispute.

Accordingly,

IT IS ORDERED:

1) As to the discovery dispute claims by <u>Boeing against Bauer Built</u>:

   a. On or before November 9, 2016, Bauer Built shall serve its privilege log (issue #4), and the documents requested in Boeing's issues #5 and #6;

   b. The parties shall immediately confer as to the privilege log and all other discovery issues;

   c. On or before November 14, 2016, the parties shall chart and <u>jointly sign</u> their discovery issues and respective positions using the [Discovery Disputes Form](Discovery Disputes Form) posted online. The completed chart(s) shall be emailed to [zwart@ned.uscourts.gov](mailto:zwart@ned.uscourts.gov) (in MS Word format). Any known and outstanding discovery disputes that are not timely identified in the Discovery Disputes Form will be deemed waived.

2) As to the discovery dispute claims by <u>Bauer Built and Road Star against Certain Underwriters and Boeing</u>:

   a. On or before November 9, 2016, Certain Underwriters and Boeing Bauer Built shall serve their privilege log (issues #2 and #3);

   b. The parties shall immediately confer as to the privilege log and all other discovery issues;

   c. On or before November 14, 2016, the parties shall provide an updated and jointly signed chart of their discovery issues and respective positions using the [Discovery Disputes Form](#) posted online. The completed chart(s) shall be emailed to zwart@ned.uscourts.gov (in MS Word format). Any known and outstanding discovery disputes that are not timely identified in the Discovery Disputes Form will be deemed waived.

3) As to the discovery disputes between <u>Bauer Built and Thunder Rolls</u>, the hearing before Cheryl R. Zwart, United States Magistrate Judge, will be held by internet/telephonic conferencing (rather than in chambers) at 1:00 p.m. (CST) on November 9, 2016. The parties shall use the conferencing information assigned to this case, (see Filing No. 74), to participate in the conference.

4) As to the discovery disputes by <u>Boeing against Bauer Built</u> and by <u>Bauer Built and Road Star against Certain Underwriters and Boeing</u>:

   a. The hearing before Cheryl R. Zwart, United States Magistrate Judge, is continued, and it will be held in the Special Proceedings Courtroom, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, at 1:00 p.m. on November 16, 2016.

   b. The parties shall bring a copy of all documents for which a claim of privilege is in dispute to the hearing for the court's immediate review.

November 7, 2016.

BY THE COURT:
*s/ Cheryl R. Zwart*
United States Magistrate Judge

Moving Party:     Defendants, Bauer Built

*Certain Underwriters at Lloyd's, et al. v. Southern Pride Trucking, Inc., et al.*
Case No.: 16-cv-00116 (USDC Nebraska)

To assist the Court in more efficiently addressing the parties' discovery dispute(s), the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is to succinctly state each party's position and the last compromise offered when the parties met and conferred. The fully completed chart shall be e-mailed to chambers at zwart@ned.uscourts.gov.

The moving party is:          Defendants, Bauer Built, Inc.

The responding party is:      Defendant, Thunder Rolls Express, Inc

Moving Party:     Defendants, Bauer Built

| | | | Court's ruling |
|---|---|---|---|
| **#1** Thunder Rolls objects to the production of a HIPAA authorization for the medical records of Joseph Womack (second set of requests to produce, request "q"). | | | |
| Relevant To Prove | The medical records of Joseph Womack are relevant and discoverable, inasmuch as Mr. Womack's physical health is at issue as a cause of the accident in this matter. Bauer Built seeks Mr. Womack's medical records from 2005 to the present. | | |
| Bauer Built's argument | Federal Rule 34(a) provides that, "A party may serve on any other party a request within the scope of Rule 26(b) … to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information." Mr. Womack is the sole owner and operator of Thunder Rolls, and therefore he is authorized to execute a HIPAA authorization for his own medical records. Defendant's objections based on relevancy and privacy do not support the refusal to provide the requested authorization. | | |
| Thunder Rolls Argument | Responding party is under no duty to execute and provide a HIPPA authorization. The medical records of Joseph Womack are not relevant and violate his privacy rights. There is no evidence that the accident was caused due to Mr. Womack suffering a medical condition. He has clearly testified as to what he was experiencing, seeing and comprehending in the moments leading up the accident and during the accident. He testified about his health during his day long deposition. | | |
| Bauer Built's compromise | Mr. Womack's health is directly at issue given that he must provide federal and/or state certification of his health and medical conditions each time he drives. Thus, each time he drives he puts his medical condition at issue. Furthermore, Bauer Built recently learned that Mr. Womack may have had a cardiac event on the day of the accident. It remains unknown whether this event occurred before or after the accident, and whether any associated physical symptoms may have contributed to the occurrence of the accident. Therefore, Mr. Womack's physical health is at issue as a potential direct cause of, or contributing factor to, the accident in this matter. | | |
| Thunder Rolls compromise | Mr. Womack's driver qualification including medical documents provided to the DOT have already been produced. Mr. Womack did not have a cardiac event on the day of the incident. Counsel has been advised Mr. Womack was feeling ill many hours after the incident for which physicians told him he was sick due to stress from the accident and failing to eat all day. Mr. Womack has testified that he was alert, awake and that no physical condition of any kind contributed to the incident. | | |

Moving Party:     Defendants, Bauer Built

| | | Court's ruling |
|---|---|---|
| **#2** Thunder Rolls objects to the production of "any and all documents provided to or by the U.S Department of Transportation that refer or relate to Joseph Womack's medical status from 2005 to the present." (second set of requests to produce, request "p") | | |
| Relevant To Prove | Documents reflecting the medical status of Joseph Womack are relevant and discoverable, inasmuch as Mr. Womack's physical health is at issue as a cause of the accident in this matter. | |
| Bauer Built's argument | Defendant's relevancy and other objections do not support withholding production of these documents given the relevancy of the request and Thunder Rolls' possession, custody, or control of such documents. | |
| Thunder Rolls Argument | The medical records of Joseph Womack are not relevant and violate his privacy rights. There is no evidence that the accident was caused due to Mr. Womack suffering a medical condition. He has clearly testified as to what he was experiencing, seeing and comprehending in the moments leading up the accident and during the accident. His medical records going back to 2005 have no relevance to this action. He testified about his health during his day long deposition.<br><br>Furthermore, if the accident had been caused due to a medical condition, Thunder Rolls would have asserted this as a defense. | |
| Bauer Built's compromise | Mr. Womack's health is directly at issue given that he must provide federal and/or state certification of his health and medical conditions each time he drives. Thus, each time he drives he puts his medical condition at issue.<br><br>Furthermore, Bauer Built recently learned that Mr. Womack may have had a cardiac event on the day of the accident. It remains unknown whether this event occurred before or after the accident, and whether any associated physical symptoms may have contributed to the occurrence of the accident. Therefore, Mr. Womack's physical health is at issue as a potential direct cause of, or contributing factor to, the accident in this matter.<br><br>Records pertaining to a CDL medical examination are discoverable and not within the scope of the physician-patient privilege. See Jackson v. Wiersema Charter Serv., 2009 U.S. Dist. LEXIS 45597, at *3 (E.D. Mo. June 1, 2009). | |
| Thunder Rolls compromise | Mr. Womack's driver qualification including medical documents provided to the DOT have already been produced.<br><br>Mr. Womack did not have a cardiac event on the day of the incident. Counsel has been advised Mr. Womack was feeling ill many hours after the incident for which physicians told him he was sick due to stress from the accident and failing to eat all day.<br><br>Mr. Womack has testified that he was alert, awake and that no physical condition of any kind contributed to the incident. | |

Moving Party:     Defendants, Bauer Built

| | | Court's ruling |
|---|---|---|
| #3 Thunder Rolls should produce Joseph Womack, the owner and sole operator of Thunder Rolls Express, for his deposition pursuant to Federal Rule 30(b)(6), and to continue his deposition as a fact witness for the purpose of examining his medical condition before and after the accident. | | |
| Relevant To Prove | Mr. Womack has relevant information related to the location, condition, and transportation of the subject engine after the accident occurred, as well as relevant information concerning the packaging and securing of the load on Mr. Womack's trailer prior to shipment from Peebles, Ohio.<br><br>In addition, Bauer Built only recently learned, after Mr. Womack's deposition was completed, that Mr. Womack may have had a heart attack on the evening of the accident. Therefore, Mr. Womack's physical health is at issue as a cause of the accident in this matter. | |
| Bauer Built's argument | Federal Rule 30(b)(6) permits a party to direct a deposition notice to a party organization, including a private corporation like Thunder Rolls Express, Inc. Joseph Womack is the sole owner and operator of Thunder Rolls, and the driver of the load that was involved in the accident at issue. Mr. Womack has information on behalf of Thunder Rolls that is subject to examination under Rule 30(b)(6). Mr. Womack's prior deposition as a fact witness does not preclude his subsequent deposition as a Rule 30(b)(6) representative for Thunder Rolls.<br><br>Bauer Built also reserves the right to continue Mr. Womack's deposition as a fact witness regarding his medical condition before and after the accident at issue. | |
| Thunder Rolls Argument | There has been no deposition notice for a 30(b)(6) witness for Thunder Rolls at this time so this request is premature. In addition, Mr. Womack was already deposed for an entire day regarding the incident, his employment, his company, his training and his background.<br><br>Mr. Womack will not be produced for a second deposition as he is the sole owner of Thunder Rolls and there would be no new topics or information that was not already covered in his deposition as an individual.<br><br>Requiring Mr. Womack to take another day off from work would burden him and all of the parties with unnecessary costs and would only further delay this case from proceeding. Mr. Womack provided a full day's worth of testimony.<br><br>Finally, Mr. Womack did not suffer a heart attack on the evening. Mr. Womack also testified extensively regarding the accident sequence and that the accident was not caused by any medical condition. There is no basis to re-open Mr. Womack's deposition as a fact witness. All counsel were present at his deposition and could have asked him at that time about any medical conditions before and after the accident.<br>Any medical conditions he may have suffered after the accident have no relevance and would only invade his privacy. | |

Moving Party: Defendants, Bauer Built

| | |
|---|---|
| Bauer Built's compromise | Bauer Built notes that plaintiffs' already noticed the 30(b)(6) deposition of Thunder Rolls. However, if that notice is withdrawn, Bauer Built will provide its own notice to Thunder Rolls. Bauer Built anticipates that the 30(b)(6) deposition of Thunder Rolls would cover, among other topics, the contracts between Southern Price and Thunder Rolls, Thunder Rolls insurance and insurance limits, and Thunder Rolls' approval as a transporter for Boeing engines.<br><br>Bauer Built withdraws its request concerning the continuation of Mr. Womack's fact witness deposition at this time. |
| Thunder Rolls compromise | Requiring Mr. Womack to appear for a second deposition would be duplicative and burdensome on Mr. Womack and all parties.<br><br>Mr. Womack is the sole owner of Thunder Rolls. He already testified at his individual deposition that he had no insurance at the time of the accident and all insurance was provided by Southern Pride Trucking.<br><br>The insurance policies have been provided and this information has been provided in discovery responses. |

Counsel for Defendant, Bauer Built: Troy Lundquist & Collin Woodward

Counsel for Defendant, Thunder Rolls Express: Jennifer Tricker, Richard Moreno & Steven McEvoy