IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER MARCW150053 AND RELATED POLICIES GOVERNING THE CARGO,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHERN PRIDE TRUCKING, INC., et al.,<br><br>Defendants. | 8:16-CV-116<br><br>MEMORANDUM AND ORDER |

This dispute involves an accident between two tractor trailers on Interstate 80 near Wood River, Nebraska. The accident resulted in significant damage to a Boeing airplane engine, which has led to this multi-party dispute. Specifically, Boeing's insurers, "Certain Underwriters at Lloyd's and Those Companies Severally Subscribing to Boeing Policy Number MARCW150053 and Related Policies Governing The Cargo" (collectively, "Certain Underwriters"), are suing four entities which, they claim, caused or contributed to the accident: Southern Pride Trucking, Thunder Rolls Express, Bauer Built, and Road Star Carrier.

Several motions for summary judgment are currently before the Court—each raising complex issues of law and fact. The Court has spent significant time reviewing those motions, and is fully aware of the parties' arguments with respect to each pending request. But as discussed in more detail below, the Court cannot, at least at this stage of the proceedings,

resolve those disputes on the merits. Indeed, none of the defendants have answered the plaintiffs' amended complaint, and each of the pending motions responds to, or otherwise relies on, pleadings that are no longer operative in this case. So, the Court will deny the pending motions for summary judgment without prejudice to reassertion. The Magistrate Judge shall promptly confer with the parties and set an amended progression order consistent with this Memorandum and Order.

## BACKGROUND

The facts of this case, generally summarized, are as follows. Southern Pride, a trucking company, agreed to transport a Boeing airline engine from Ohio to Washington. Filing 115 at 3-4. Rather than using its own fleet of tractor trailers, Southern Pride subcontracted the job to defendant Thunder Rolls, a trucking company based in Indiana. Filing 115 at 3. Joseph Womack, Thunder Rolls' owner and sole proprietor, picked up the engine from a General Electric plant in Ohio. After loading the engine onto his trailer, Womack set out for Everett, Washington. *See* filing 124-1 at 6. Womack's route took him through Wood River, Nebraska, as he headed west on Interstate 80. Filing 117 at 8.

Approximately an hour and a half before Womack reached Wood River, a different westbound tractor trailer had pulled over to the side of Interstate 80 with a flat tire. Filing 117 at 10; filing 118-4 at 5. That tractor trailer was owned by defendant Road Star. Filing 118-4 at 5. Road Star contacted defendant Bauer Built, which provides roadside assistance to the interstate trucking industry. Soon after, a Bauer employee arrived to replace the tire. Filing 117 at 12. Both were still there as Womack approached.

Womack, driving in the right lane, was approximately 100 feet away from Road Star's disabled truck when he first saw it on the side of the road

directly ahead of him. Filing 118-2 at 17. Womack attempted to move into the left lane to avoid any potential contact with the vehicles. Filing 118-2 at 9. But as he began to move over, Womack noticed a pickup truck in his side-view mirror. Filing 124-1 at 40. So, Womack "came back to the right to get [to the] center of [his] lane." Filing 124-1 at 40. Womack collided with Road Star's truck. The airplane engine dislodged from Womack's trailer, landing on the road. *See* filing 124-1 at 11. According to Certain Underwriters, the engine is no longer functional, resulting in approximately $18,000,000 in damages. Filing 115 at 6. Certain Underwriters allege various theories of liability against the defendants under both state and federal law. Each defendant has moved for summary judgment.

## DISCUSSION

The procedural history of this case is straightforward: the plaintiffs filed a complaint, the defendants answered with counterclaims, and parties began moving for summary judgment. But on January 26, 2016, while three motions for summary judgment were pending, Certain Underwriters—with leave from the Magistrate Judge—filed an amended complaint. *See* filing 115. And that complaint includes substantive changes to Certain Underwriters' theories of recovery. In particular, Certain Underwriters added a claim against Bauer and Road Star, and removed Thunder Rolls from their first claim for relief, which alleges a violation of the Carmack Amendment of the Interstate Commerce Act, 49 U.S.C. § 13101 *et seq*. *Compare* filing 1 *with* filing 115.

The amended complaint also had procedural implications. As the Eighth Circuit has recognized, an amended complaint supersedes an original complaint and renders the original complaint without legal effect. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

So, when an amended complaint has been filed, a defendant generally has 14 days to file an amended answer. *See* Fed. R. Civ. P. 15(a)(3). As noted, once an amended pleading is interposed, "the original pleading no longer performs any function in the case[.]" Charles A. Wright & Arthur Miller, 6 Federal Practice & Procedure § 1476 (3d ed. 2017).

None of the four defendants in this case have filed answers to Certain Underwriters' amended complaint. And that oversight is not insignificant. Indeed, each of the pending motions for summary judgment are premised, in whole or in part, on an affirmative defense or counterclaim. For example, defendants Southern Pride and Thunder Rolls have moved for partial summary judgment, seeking the enforcement of a $250,000 limitation on liability "pursuant to [their] eleventh affirmative defense[.]" Filing 90 at 1. Those defendants also seek judgment on Bauer and Road Star's cross-claims, arguing that they are preempted under the Carmack Amendment. Filing 90 at 2. Similarly, Bauer moves for summary judgment on its third affirmative defense, filing 57 at 6, arguing that Thunder Rolls' driver was the sole proximate cause of the accident. Filing 123 at 18. And defendant Road Star, relying on its seventh affirmative defense, makes the same argument— claiming that "intervening" and "superseding" forces proximately caused the plaintiffs' losses. Filing 47 at 8.

But as noted above, those arguments derive from previously filed—and now legally inoperative—pleadings. Thus, to renew those arguments, the defendants must, pursuant to Fed. R. Civ. P. 15, file an amended answer. "No option is given to merely stand on preexisting pleadings made in response to an earlier complaint." *Bremer Bank, Nat. Ass'n v. John Hancock Life Ins. Co.*, 2009 WL 702009, at \*12 (D. Minn. 2009); *see General Mills, Inc. v. Kraft Foods Global, Inc.*, 495 F.3d 1378, 1381 (8th Cir. 2007) (previously asserted

counterclaims are "no longer . . . pending" upon the filing of an amended complaint). Until such answers are filed, the Court cannot, and will not, address the merits of the parties' dispositive motions.

And there's another problem: as alluded to above, three of the five parties moved for summary judgment *before* Certain Underwriters had filed their amended complaint. *See* filing 90; filing 111. As a result, those motions and accompanying briefs are not fully responsive to the claims currently before the Court. For instance, defendant Thunder Rolls argues that, as a Carmack defendant, it is protected by a $250,000 limitation on liability pursuant to the Carmack Amendment. *See* filing 90 at 1. But pursuant to the amended complaint, Certain Underwriters are no longer pursuing their Carmack claim against Thunder Rolls, suing Thunder Rolls instead for breach of contract, breach of bailment obligations, and negligence. Filing 115 at 7-9. And it is not entirely clear how, if at all, that change affects Thunder Rolls' position. Similarly, Bauer and Road Star refer to defendant Thunder Rolls in their briefing as being sued "under the Carmack Amendment." *See* filing 123 at 37. But again, under the amended complaint, it is not. *See* filing 115 at 7.

To be clear: the Court *is in no way* suggesting that the parties *should* alter their position or arguments based on the amended complaint. Rather, the Court is advising the parties to directly address how, if at all, Certain Underwriters' amended allegations affect their respective positions on summary judgment.

As a final matter, the Court acknowledges Bauer's ongoing disagreement with the Magistrate Judge's order permitting Certain Underwriters to amend their complaint. *See* filing 99; filing 123 at 6 n.1. But that is a moot point. Under the local rules, a party may object to a Magistrate

Judge's order in a nondispositive matter within 14 days of service. NECivR 72.2(a). Bauer did not object here, nor did it ask the Magistrate Judge to reconsider her decision. That decision is water under the bridge, and will not be revisited, in any form, by this Court.

CONCLUSION

To reiterate, the Court has expended significant time reviewing the parties' evidence and argument, and will promptly resolve the parties' motions, should they be refiled, upon proper compliance with the Federal Rules. To that end, the Magistrate Judge shall confer with the parties and set an amended progression order consistent with this Memorandum and Order. In the meantime, the parties' pending motions for summary judgment will be denied without prejudice to reassertion.

IT IS ORDERED:

1. Southern Pride Trucking and Thunder Roll Express's joint motion for partial summary judgment (filing 90) is denied without prejudice to reassertion.
2. Certain Underwriters' partial motion for summary judgment as to Bauer Built and Road Star Carrier (filing 111) is denied without prejudice to reassertion.
3. Road Star Carrier's motion for summary judgment (filing 116) is denied without prejudice to reassertion.
4. Bauer Built's motion for summary judgment (filing 122) is denied without prejudice to reassertion.
5. Bauer Built's motion for oral argument (filing 125) is denied without prejudice to reassertion.

6. Certain Underwriters' motion to amend their motion for summary judgment (filing 146) is denied as moot.
7. Certain Underwriters' motion for leave to file supplemental legal authority (filing 154) is denied as moot.
8. This case is referred to the Magistrate Judge for case progression. The Magistrate Judge shall promptly confer with the parties to set an amended progression order consistent with this Memorandum and Order.

Dated this 27th day of September, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge