IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER MARCW150053 AND RELATED POLICIES GOVERNING THE CARGO,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHERN PRIDE TRUCKING, INC., et al.,<br><br>Defendants. | 8:16-CV-116<br><br>ORDER |

This matter is before the Court on defendant Bauer Built's motion to reconsider the Court's September 27, 2017 Memorandum and Order (M&O). That motion will be denied.

On January 26, 2017, the Magistrate Judge issued a text order granting the plaintiffs' motion to amend their complaint. Filing 114. Bauer, in its January 27 motion for summary judgment, expressed disagreement with that decision, arguing that the Magistrate Judge had mistakenly deemed the plaintiffs' motion unopposed. Filing 123 at 6 n.1. Bauer did not, however, file an objection or motion for reconsideration as provided under NECivR 72.2(a). So, this Court—in its September 27 M&O—refused to address Bauer's arguments, deeming the matter a "moot point" and "water under the bridge." Filing 159 at 5-6.

Bauer seeks reconsideration of that decision, arguing that it did, in fact, object to the Magistrate Judge's text order. *See* filing 163. To support

that contention, Bauer points to a January 26 email it sent to the Magistrate Judge in which it requested that the Court "amend its order" and "strike plaintiffs' recently filed amended complaint[.]" Filing 163-1 at 1. According to Bauer, that correspondence "sufficiently and appropriately documents its timely and diligent objections," and therefore complies with the local rules.

But that argument is misplaced. Indeed, under the local rules, the objecting party must *file* its objection within 14 days of being served with the order. *See* NECivR 72.2(a). And that requirement, as clarified by NECivR 5.1(d), requires more than an informal email to the respective judge's chambers. *See* NECivR 5.1(d) ("A document faxed or e-mailed to the clerk or assigned judge is not considered filed without a court order."). Further, even if the Court were to construe the January 26 email as a motion for reconsideration, that does not excuse the fact that Bauer did not formally object to the Magistrate Judge's decision within 14 days. In other words, a properly filed motion for reconsideration does not obviate or toll the requirements set forth under Rule 72.2(a). Accordingly, because Bauer did not object to the January 26 text order, the Court cannot, and will not, revisit the Magistrate Judge's decision.

IT IS ORDERED that Bauer's motion for reconsideration (filing 163) is denied.

Dated this 18th day of October, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge