IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER MARCW150053 AND RELATED POLICIES GOVERNING THE CARGO, | 8:16-CV-116 |
| Plaintiffs, | ORDER |
| vs. | |
| SOUTHERN PRIDE TRUCKING, INC., et al., | |
| Defendants. | |

This matter is before the Court on a number of filings—some of which are authorized, some of which are not, but most of which are futile. The one exception is the defendants' motion for reconsideration (filing 232), which the Court will take under submission. The remainder is a collection of objections and other filings that the Court will dispose of as efficiently as possible.

The Court understands that a lot of money is at stake in this case, and that high stakes produce hard-fought litigation and sometimes hard feelings among counsel as well. But that is no excuse for littering the Court's docket. Everyone would be better off if the parties were focused—and the Court was *allowed* to focus—on the merits of the case, and not procedural sniping. The Court has indulged the parties' petulance in the vain hope that it would work itself out. It hasn't, and the Court's patience is at an end. It stops now.

To begin with, Certain Underwriters objects (filing 227) to the Magistrate Judge's progression order (filing 222), which permits motions for

summary judgment to be filed by June 1, 2018. That, they complain, jeopardizes the September 24, 2018 trial date. Filing 228 at 2. So, they want the order modified to only permit motions for summary judgment from Southern Pride or Thunder Rolls, and only permit motions resulting from new evidence. Filing 228 at 5. For their part, Road Star and Bauer Built also object (filing 229) to the progression order, but their take is that they aren't being given enough time for discovery before the motion deadline and trial date. And Road Star and Bauer Built also filed an objection (filing 230) to Certain Underwriters' objection (filing 229).

"A good compromise leaves everybody mad." Bill Watterson, *Calvin and Hobbes* (May 1, 1993), http://www.gocomics.com/calvinandhobbes/1993/05/01. In this case, the Magistrate Judge's order of December 14, 2016 (filing 94) clearly cut off discovery and pressed the parties to file summary judgment motions on a number of specific disputed issues. So, Road Star and Bauer Built are correct in contending that they should be permitted to complete their discovery and file any appropriate motions. But Certain Underwriters is correct that this case has been pending for a long time, and should be forcefully progressed toward trial, if that is indeed where it's headed. And everyone's objections are hypothetical—the trial date *could* be jeopardized, and discovery *might* be incomplete—meaning that everyone is just guessing at this point.

With those competing considerations in mind, the Court finds that the Magistrate Judge's progression order was neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). Should any of the horribles feared by the parties come to pass—and they can make a *substantial showing* of prejudice—then these issues might be revisited. But for now, the parties

should be focused on *cooperatively* progressing the case. If Certain Underwriters is anxious to try this case, it should make every effort to facilitate discovery. And if Road Star and Bauer Built are concerned about meeting their case progression deadlines, then they should do the same. Their objections to the case progression schedule will be overruled.

That leaves the Court with the parties' reckless disregard for briefing rules. To begin with, Road Star and Bauer Built filed a reply brief (filing 235) in support of their objection (filing 229) to the progression order. As Certain Underwriters correctly notes (filing 236), such a brief is not authorized, and it will be stricken. *See* NECivR 72.2(a). Certain Underwriters went further, though, intimating that "the overall conduct of Road Star and Bauer Built, by this latest unauthorized filing, has added another weight to the scale, bringing the pendulum ever closer to eventual application" of the Court's authority to sanction counsel pursuant to 28 U.S.C. § 1927. Filing 236 at 1.

But then, having taken umbrage to the filing of an unauthorized brief, Certain Underwriters filed its own: although filed as a "letter" to the undersigned, Certain Underwriters' filing (filing 238) is directed at the substance of Road Star and Bauer Built's reply brief (filing 237) in support of their motion to reconsider, and there is no denying that the "letter" is, in fact, a sur-reply brief that Certain Underwriters sought no leave to file. Of course, Road Star and Bauer Built weren't going to let that go unchecked, so they filed their own "letter" in response. Filing 239. And that "letter" not only objected to Certain Underwriters' "letter," but also addressed the substance of the underlying motion to reconsider—meaning that it was undeniably an unauthorized *sur-sur-reply brief*.

Leaving aside the unauthorized briefing for a moment: nothing in the Federal Rules of Civil Procedure or this Court's local rules provides for the

parties to present issues to the Court for disposition by "letter," and the Court will no longer permit the parties' epistolary approach to litigation.[1] The parties are extremely well-represented by experienced and able counsel, so the Court should not be in the position of reading their letters to the judge and attempting to figure out what they want, as if they were *pro se* litigants. The parties are directed to limit their filings to events expressly recognized by the rules, such as pleadings, motions, and briefs in support of motions. Their "letters"— which are really unauthorized briefs—will be stricken.

The matter remaining for the Court is the motion for reconsideration (filing 232), which was submitted as of March 13, 2018, and will be addressed by the Court in the course of business. The parties should proceed with their discovery pursuant to the Magistrate Judge's progression schedule. If this case is to be tried, it should be progressed toward trial with all deliberate speed. If the parties think that settlement may be in their interests, they should also pursue that. They should make every effort to keep their disagreements with one another to a minimum—but the Court is going to *insist* that they make every effort to keep their disagreements with one another off the Court's docket.

IT IS ORDERED:

1. Certain Underwriters' objection (filing 227) is overruled.

---

[1] The Court is aware that in some other districts, there may be rules, standing orders, or chambers preferences that ask the parties to write the Court before filing a motion, particularly on matters like discovery disputes that might be susceptible to informal resolution. The Court is not aware, however, of anything that should have suggested to the parties that such a practice was appropriate for this chambers in this case.

2. Road Star and Bauer Built's objection (filing 229) is overruled.

3. Road Star and Bauer Built's objection (filing 230) is overruled.

4. Road Star and Bauer Built's reply brief (filing 235) is stricken.

5. Certain Underwriters' objection (filing 236) is overruled as moot.

6. Certain Underwriters' "letter" (filing 238) is stricken.

7. Road Star and Bauer Built's "letter" (filing 239) is stricken.

8. Road Star and Bauer Built's motion to reconsider (filing 232) is submitted.

Dated this 20th day of March, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge