IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER MARCW150053 AND RELATED POLICIES GOVERNING THE CARGO, | 8:16-CV-116 |
| Plaintiffs, | ORDER |
| vs. | |
| SOUTHERN PRIDE TRUCKING, INC., et al., | |
| Defendants. | |

There are several motions pending before the Court in this case, two of which—Bauer Built and Road Star's motion to reconsider (filing 232) and Southern Pride and Thunder Rolls' motion for summary judgment (filing 241)—present a novel question of Nebraska law: How do Nebraska's comparative negligence statutes, Neb. Rev. Stat. § 25-21,185.07 *et seq*., apply when the plaintiff sued multiple defendants, some in strict liability and some in negligence, but settled with the strict liability defendants before trial? The Court is considering whether it should be certified to the Nebraska Supreme Court pursuant to Neb. Rev. Stat. § 24-219.

In the Court's Memorandum and Order of January 30, 2018 (filing 217), the Court found that Nebraska's comparative negligence statutes do not apply in this case, because they do not apply in an action based in part on strict liability. Filing 217 at 19 (citing *Shipler v. Gen. Motors Corp.*, 710 N.W.2d 807, 826 (Neb. 2006)). But at that point, while Certain Underwriters

had already settled with the strict liability defendants, Southern Pride and Thunder Rolls, neither the Court nor the parties had fully apprehended the import of the settlement to the applicability of the Nebraska comparative negligence statutes.[1] That issue is now fully briefed and squarely presented.

It is important because the statutory scheme affects how to apportion liability among the parties. Under the comparative negligence statutes, a plaintiff's recovery against non-settling defendants is reduced by the settling tort-feasors proportionate share of liability—so, the plaintiff forfeits joint and several liability by settling. *See Tadros v. City of Omaha*, 735 N.W.2d 377, 382 (Neb. 2007). At common law, however, a plaintiff's recovery against the non-settling defendants is reduced only by the actual dollar amount of the settlement. *Id.* at 380.

So, the initial question is whether the statutory scheme applies at all. In *Shipler*, the Nebraska Supreme Court held that the Legislature did not intend for the comparative negligence scheme to apply in actions based on strict liability because a strict liability claim is not one "to which contributory negligence may be, pursuant to law, a defense" within the meaning of § 25-21,185.07. 710 N.W.2d at 830-32. So, the Court held that the trial court had not erred in refusing to admit evidence of comparative negligence when a

---

[1] The Court disagrees with Certain Underwriters' contention that in the previous round of briefing, "the parties extensively briefed [the effect of the settlement] with case law explaining the legal effect that the settlement had upon the joint and several liability of the other parties, under both federal and Nebraska law." Filing 243 at 3. In the last round of briefing, Certain Underwriters' arguments addressed the effect of the settlement under federal law, rather than Nebraska law. Filing 201 at 112-134. And Bauer Built and Road Star's arguments only addressed *how* Nebraska's statutory scheme would apply, but not *why* the statutory scheme should apply following the settlement. Filing 191-1 at 149. Regardless, all eyes are focused on the same issues now.

plaintiff sued two defendants, one in strict liability and one in negligence. *Id.* at 832. But *Shipler* does not expressly address whether an action is one "to which contributory negligence may be, pursuant to law, a defense" within the meaning of § 25-21,185.07 when the strict liability claims are settled—and therefore dismissed—before trial. And there is a strong argument that, under the plain language of § 25-21,185.07, this has become an action to which contributory negligence is a defense. *Cf. Tadros,* 735 N.W.2d at 380 (proper timeframe to consider whether there are multiple defendants is when the case is submitted to the finder of fact).

But the answer to that initial question is not wholly dispositive of the issues presented in this case. Assuming for the moment that the statutory scheme generally applies, that raises the question whether liability should be apportioned pursuant to § 25-21,185.11.[2] The Court said in *Tadros* that § 25-21,185.11 provides for a *pro rata* reduction of the plaintiff's recovery because "the language of § 25-21,185.11(1) is similar to the language of § 25-21,185.10, relating to the allocation of noneconomic damages amongst multiple defendants, 'in direct proportion to that defendant's percentage of negligence.'" 735 N.W.2d at 381. And the Court said in *Shipler* that § 25-21,185.10 "allows the jury to compare the negligent conduct of codefendants" but "does not provide that one defendant's negligence may be compared to another in a cause of action for strict liability in tort." 710 N.W.2d at 830-31. And applying § 25-21,185.11 here would require the finder of fact to compare the non-settling defendants' negligence to another that had been sued in

---

[2] Section 25-21,185.10 could also be directly implicated in circumstances like this, but it appears that in this case, the plaintiff's alleged damages are entirely economic. Filing 115 at 6; *see Lesiak v. Cent. Valley Ag Co-op., Inc.,* 808 N.W.2d 67, 81 (Neb. 2012); *Gallion v. O'Connor,* 494 N.W.2d 532, 534 (Neb. 1993); *see also Gourley ex rel. Gourley v. Nebraska Methodist Health Sys., Inc.,* 663 N.W.2d 43, 80 (Neb. 2003) (Gerrard, J., concurring).

strict liability. So, there is a question whether § 21,185.11 is applicable in this case, even if § 25-21,185.07 is satisfied as a consequence of dismissing the strict liability claims.[3]

And if § 25-21,185.11 is not applicable, there is a different question. The Court observed in *Tadros* that under § 25-21,185.11, contribution claims by non-settling defendants are extinguished "because while a joint tort-feasor has a right to contribution against other joint tort-feasors when he or she discharges more than his or her proportionate share of the judgment, the joint tort-feasor will not discharge more than his or her proportionate share as to the settling tort-feasor." 735 N.W.2d at 382 (footnote omitted). The Court, in fact, suggested that was part of the underlying rationale for the statute, because it encourages settlement to provide "finality of liability for the settling tort-feasor[.]" *Id.*

But in *Estate of Powell ex rel. Powell v. Montange*, the Court said that "[a] joint tort-feasor who settles without extinguishing the entire liability, and whose payment later turns out to be less than his fair share, is *not* subject to actions for contribution to others." 765 N.W.2d 496, 504 (Neb. 2009) (citing *Woods v. Withrow*, 413 So. 2d 1179 (Fla. 1982)) (emphasis supplied). That proposition was stated in the context of determining that a *settling* defendant could not seek contribution from a *non-settling* defendant if the settlement had not been extinguished by the tort-feasor seeking contribution. *Id.* at 504. So, it was arguably *dicta*. And standing alone, *Powell* could also be read as relating to *when* contribution may be sought, and not *whether* it can be sought at all—but the underlying authority relied upon in *Powell* is

---

[3] But it should be noted that, as a general matter, there is no conceptual reason why comparative fault principles cannot be used to apportion liability between tortfeasors even when liability for one rests on strict liability and liability for the other on negligence. *See Frazer v. A.F. Munsterman, Inc.*, 527 N.E.2d 1248, 1257 (Ill. 1988) (collecting cases).

inconsistent with that narrow interpretation. *See Woods*, 413 So. 2d at 1183 (citing Fla. Stat. § 768.31(5)(b)). In sum, it is not at all obvious how to resolve the tension between *Tadros* and *Powell*—and, therefore, not at all obvious whether contribution may be sought in this case from the settling defendants, even if the contributory negligence statutes do not apply.

To be clear—the Court is prepared to rule on the pending motion to reconsider and motion for summary judgment—and, in the process, to decide these legal questions. But it is important to the parties to *definitively* resolve Nebraska law on these issues—and certifying these questions to the Nebraska Supreme Court could promptly answer them, once and for all. So, the Court would like the parties' input on the matter, and will ask counsel to brief it. In so doing, they should express their positions on whether these questions should be certified to the Nebraska Supreme Court, and provide any suggestions they may have on how the issues should be presented and framed to that Court.

IT IS ORDERED that, on or before 5:00 p.m. CDT on June 15, 2018, the parties shall file simultaneous briefs addressing whether the questions outlined in this order shall be certified to the Nebraska Supreme Court.

Dated this 5th day of June, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge